USCA1 Opinion

 

 January 11, 1996 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________ No. 95-1513 JOSE D'ALMEIDA, Plaintiff, v. STORK BRABANT B.V. AND STORK BRABANT, INC., Defendants/Third Party Plaintiffs-Appellants, v. GERRITSE PROJECTEN, TEXMACH, B.V., AND ING. GERRITSE, B.V., Third Party Defendants-Appellees. ____________ ERRATA SHEET The opinion of this court issued on December 11, 1995, is amended as follows: Page 7, line 2: Change "Stork" to "Gerritse." UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 95-1513 JOSE D'ALMEIDA, Plaintiff, v. STORK BRABANT B.V. AND STORK BRABANT, INC., Defendants/Third Party Plaintiffs-Appellants. v. GERRITSE PROJECTEN, TEXMACH, B.V., AND ING. GERRITSE, B.V., Third Party Defendants-Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Reginald C. Lindsay, U.S. District Judge] ___________________ ____________________ Before Cyr, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ Boudin, Circuit Judge. _____________ ____________________ John J. McGivney, with whom Burns & Levinson was on brief for _________________ ________________ Stork Brabant, B.V. and Stork Brabant, Inc., defendants, third-party plaintiffs-appellants. John T. Montgomery, with whom Jeffrey P. Trout, and Ropes & Gray, ___________________ ________________ ____________ were on brief for Ing. Gerritse, B.V., third-party defendant-appellee. ____________________ December 11, 1995 ____________________ Per Curiam. Stork Brabant B.V. and Stork Brabant, Inc. __________ ("Stork") appeal from a judgment of the district court dismissing a third-party action for indemnification and contribution against Ing. Gerritse B.V. ("Gerritse"). The facts are set out at length in the Report and Recommendation of the magistrate judge; the legal issues are whether the Massachusetts long-arm statute, Mass. Gen. L. ch. 223A,  3(d), authorizes the assertion of personal jurisdiction over Gerritse, and, if so, whether such an assertion of jurisdiction is consistent with due process. Although we would normally decide the issue if possible on the basis of the statute, in this case there is real doubt as to how the Massachusetts courts would decide the statutory issue, and the resolution of the constitutional issue is, by contrast, reasonably clear. We therefore proceed to the due process analysis. The third-party complaint, which we accept at this stage, reveals that Stork, as a distributor, ordered a machine from Gerritse; after negligently and/or in breach of warranty producing a defective machine, Gerritse sent it to Massachusetts on Stork's instruction. Whether this course of conduct gave Gerritse "minimum contacts" with the forum state as to satisfy the requirements of the due process clause, see ___ International Shoe Co. v. Washington, 326 U.S. 310, 316 ________________________ __________ (1945), is a very close call. The arguments on both sides -2- -2- are ably set forth in the magistrate judge's report; while she concluded that minimum contacts were not present, and the district court agreed, we need not decide the issue, which would be especially difficult if the injured plaintiff in this case had brought suit against Gerritse. But even if minimum contacts were arguably present, due process further imposes a requirement that the assertion of jurisdiction be "consistent with traditional notions of fair play and substantial justice" International Shoe, 326 U.S. at __________________ 316, and this additional requirement controls here. The sole cause of action against Gerritse is an action by Stork for indemnification. The parties must reasonably have expected that any litigation between them would not take place in Massachusetts; indeed, their contract included a forum selection clause designating Holland as the locus of litigation. More important, Massachusetts' interest in the indemnification dispute are extremely limited, the compensation of its citizen not being at stake. Extensive discussion is unnecessary because in our view this phase of the case is directly governed by Asahi Metal ___________ Industry Co. v. Superior Court, 480 U.S. 102, 113-16 (1987). ____________ ______________ There eight justices applied the "fair play and substantial justice" requirement to hold that jurisdiction was lacking in quite similar circumstances. Thus, even if minimum contacts were barely present, a question we decline to answer, the -3- -3- assertion of jurisdiction over Gerritse in this indemnification action would still be unconstitutional.  Affirmed. _________ Concurrence follows. ____________________ -4- -4- -5- -5- BOWNES, Senior Circuit Judge, concurring. I agree BOWNES, Senior Circuit Judge, concurring. ____________________ with the result reached by the court, but I have grave reservations about the short cut taken to get there. On the basis of a head count of the Justices in Asahi Metal Indus. __________________ Co., 480 U.S. 102, the majority concludes that it need not ___ determine whether the defendant had minimum contacts with Massachusetts "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Washington, _______________________________________________ 326 U.S. 310, 316 (quoting Milliken v. Meyer, 311 U.S. 457, _________________ 463 (1940)). In Ashai there was a holding albeit by a _____ plurality: the facts "do not establish minimum contacts such that the exercise of personal jurisdiction is consistent with fair play and substantial justice . . . ." 480 U.S. at 116. That is the only jurisdictional holding in the case. I do not think we should, on the basis of a head count, jettison as a prerequisite to a jurisdictional determination a "minimum contact" analysis. Up until now such an analysis has been the required starting front for a jurisdictional determination. The analysis as applied here, would run as follows: The question is whether Gerritse has sufficient minimum contacts with the forum state, such that the assertion of jurisdiction will not offend "traditional notions of fair play and substantial justice." International Shoe, 326 U.S. __________________ -6- -6- at 316. The test for the assertion of specific personal jurisdiction is tripartite. First, the claim underlying the litigation must arise out of or relate to the defendant's contacts with the forum state. See Helicopteros Nacionales ___ _______________________ de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984). Second, _________________________ "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hanson v. __________ Denckla, 357 U.S. 235, 253 (1958). Third, the exercise of _______ jurisdiction must be reasonable in light of the five criteria announced in Burger King Corp. v. Rudzewicz, 471 U.S. 462, _______________________________ 477 (1985): (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive policies. I do not agree with the majority that the "minimum contacts" issue "is a very close call" and "would be especially difficult if the injured plaintiff . . . had brought suit against Gerritse." The undisputed jurisdictional facts are as follows. Stork and Gerritse signed a contract in the Netherlands under which Gerritse -7- -7- would build machines exclusively for Stork. Both companies are headquartered in the Netherlands. Stork is a large international corporation that does business all over the world. Under the contract Stork agreed to purchase the machines manufactured by Gerritse and sell them on the international market. When the machine was finished to Stork's satisfaction, Stork supplied Gerritse with a mailing label and arranged to transport the machine to the buyer. Stork controlled all marketing, sales, and transporta-tion of the machines. Gerritse had no contacts with Massachusetts. It did know from the order form furnished it by Stork that the machine was going to Massachusetts. It was delivered to Shawmut Mills. Subsequent to the installation of the machine, Roland Dekens, an engineer-employee of Gerritse, while on a trip to the United States as an agent of Stork, inspected the machine at Shawmut Mills and submitted a report to both Stork and Gerritse. I think it is clear that under the traditional "minimum contacts" analysis there could be no personal jurisdiction over Gerritse. But even if the issue is a close one, as the majority states, that is no excuse for not deciding it. To apply the "fair play and substantial justice" doctrine without any "minimum contacts" analysis ignores established -8- -8- law and flies in the teeth of binding precedent. -9- -9-